(71 Misc. Rep. 590.)

### WILLIAMS v. WILLIAMS.

(Supreme Court, Trial Term, Oneida County. April, 1911.)

1. MARRIAGE (§ 65*)—ANNULMENT OF MARRIAGE—DEFAULT JUDGMENT.

Under the express provisions of Code Civ. Proc. § 1753, a final judgment annulling a marriage cannot be rendered on default for want of appearance or pleading, without proof of the facts on which the allegation of nullity is founded.

[Ed. Note.—For other cases, see Marriage, Dec. Dig. § 65.*]

2. MARRIAGE (§ 58*)—ANNULMENT—GROUNDS—"FRAUD."

That a party to a marriage contract represented himself to be 21 years of age, when in fact he was but 20 years and some months, and that he stated to the other party prior to the marriage ceremony that she need not leave her home; that the fact of marriage would make no difference in her circumstances or condition, and that she could always continue to reside at her home as formerly, did not constitute such fraud as to authorize an annulment of the marriage, under Domestic Relations Law (Consol. Laws 1909, c. 14) § 7, subd. 4, declaring a marriage void from the time its nullity is declared if either party consent to the marriage by reason of force or fraud, and Code Civ. Proc. § 1743, giving an action for the annulment of such a marriage.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 122; Dec. Dig. § 58.*

For other definitions, see Words and Phrases, vol. 3, pp. 2943–2954; vol. 8, p. 7666.]

3. MARRIAGE (§ 33*)—ESSENTIALS—CEREMONY.

Where a marriage ceremony was legally solemnized by a minister of the gospel between persons above the age of consent fixed by Domestic Relations Law (Consol. Laws 1909, c. 14) § 7, at 18 years, there was a valid marriage, and the relation of husband and wife was created, though the marriage was not consummated by cohabitation.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 19; Dec. Dig. § 33.*]

Action by Anna P. Williams against Norman Williams for annulment of marriage on the ground of fraud. Judgment of annulment refused.

Kernan & Kernan, for plaintiff.

DEVENDORF, J. [1] This is an action for annulment of marriage on the ground of fraud. The defendant makes default in appearing, but a judgment annulling a marriage cannot be rendered by default for want of appearance or pleading without proof of the facts upon which the allegation of nullity is founded. Code Civ. Proc. § 1753.

[2] An action may be maintained to procure a judgment declaring a marriage contract void and annulling the marriage where the consent of one of the parties was obtained by force, duress, or fraud. Code Civ. Proc. § 1743; Dom. Rel. Law (Consol. Laws 1909, c. 14) § 7, subd. 4.

The fraud complained of in this action is that the defendant represented himself to be 21 years of age, when, in fact, he was but 20 years and some months, and upon the further ground that he stated to the plaintiff, just prior to the marriage ceremony, that plaintiff need

not leave her home, that the fact of a marriage would make no differ-
ence in her circumstances or condition, and that she could always con-
tinue to reside at her home as formerly. I am of the opinion that
such statements upon defendant's part are not sufficient to justify this
court in granting a decree of nullity herein.

[3] It is alleged and conceded that the marriage ceremony was
legally solemnized by a minister of the gospel. Without further re-
lation on the part of the contracting parties, this became a legal mar-
riage, and the relation of husband and wife was created. Jackson v.
Winne, 7 Wend. 47, 22 Am. Dec. 563; Dom. Rel. Law, § 11.

I am aware of the fact that in some cases, where the marriage has
not been consummated (as in this case) by cohabitation, courts have
been influenced to give the benefit of all doubts to the parties and re-
lease them from their embarrassing position; but there must be al-
ways a legal reason and a just cause within the purview of the statute
upon which to establish the judgment of the court.

Marriage consent in this state is fixed at 18 years (Dom. Rel. Law,
§ 7), and, consequently, neither of these parties could break away
from their marriage contract because of nonage. The law recognized
them of sufficient age to be responsible for their act, and they are ob-
ligated by it.

The facts shown do not empower the court to put asunder the bonds
of matrimony. Judgment of annulment is therefore refused.

Judgment accordingly.